(No. 1510—)

GERALD C. FARLOW, MILDRED L. NELSON, FORMERLY MILDRED L. FARLOW, MARY E. FARLOW, RACHAEL WINIFRED FARLOW, AND JEANETTE J. FARLOW, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1930.*

L. FRED O'BRIEN, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

In this case the claimants asked for Seventy-five Hundred ($7,500.00) Dollars for certain land taken from them through a condemnation proceedings in the construction of a State Bond Issue Road. The land in question is located three miles west of Augusta, Illinois, and known as the Farlow Farm.

A condemnation proceedings was had in a court of general jurisdiction. At the time of the condemnation the records of the county showed that the title was in one W. O. Farlow; that damages were awarded by the jury in the sum of $100.00 and accepted by the said W. O. Farlow. It now appears that claimants allege that they had a deed to said premises but it was not recorded at the time of the filing of the condemnation proceedings. Therefore the State only got service on W. O. Farlow the title owner on the records of the County of Hancock.

There is nothing in the records to indicate other than that the condemnation proceedings were regular and that a proper and reasonable compensation was allowed by a verdict of a jury in the sum of $100.00 and it appears that W. O. Farlow accepted this money and it would seem that, that should settle the controversy as to the land taken in question. It would appear to this court that there is no reason either as a matter of law or as a matter of equity and good conscience in any question determined in a court of general jurisdiction on the question of value. It would appear that a jury's verdict would be a good criterion as to the damages sustained. Therefore this court will not pass on that question.

It would appear to the court that this is a matter between W. O. Farlow and claimants and it would not appear proper for the State of Illinois through this court to consider a matter in behalf of the claimants who failed to file their deed in proper time and wherein a jury passed upon the matter of damages and wherein the State of Illinois was at no fault in the matter of getting service on the record title owners in the condemnation proceedings.

Therefore this court recommends that the claim be disallowed.